**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

DUANE J. RUGGIER, II

                    Plaintiff,

v.                                  CIVIL ACTION NO.  2:15-cv-03412

GO MART, INC.

                    Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the court are the plaintiff's Motion for Remand [Docket 6] and the defendant's Motion to Dismiss [Docket 8]. These motions, having been fully briefed by the parties, are now ripe for review. As described below, the Motion to Remand [Docket 6] is **GRANTED**, and the Motion to Dismiss [Docket 8] is **DENIED as moot**.

**I.      Background**

Duane J. Ruggier II, the plaintiff in this matter, has multiple sclerosis, a disease that has severely limited his mobility, requiring him to use a power wheelchair when traveling in public. (Ex. B, Compl. [Docket 1] ¶ 4). On July 1, 2014, Mr. Ruggier visited a retail establishment in Elkview, West Virginia, that is owned and operated by the defendant, Go-Mart, Inc. ("Go-Mart"). (*Id.* ¶ 5–6). While there, Mr. Ruggier used the store's public restroom. (*Id.* ¶ 6). Due to the placement of the toilet paper dispenser in the stall, Mr. Ruggier was unable to support himself with the "grab bar" intended to assist disabled persons when using the restroom. (*Id.* ¶ 7). As a result, he could not "exit the restroom stall and fell to the floor in his attempt to do so."

1

(*Id.* ¶ 8). Go-Mart modified its restrooms after this incident, and, as represented to the court by the parties, the placement of the toilet paper dispenser is now ADA-compliant. (*See* Mem. of Law in Supp. of Pl.'s Mot. to Remand [Docket 7], at 4).

On February 19, 2015, Mr. Ruggier filed a complaint against Go-Mart in Kanawha County Circuit Court, claiming that the positioning of the toilet paper dispenser violates the West Virginia Human Rights Act ("WVHRA") and the Americans with Disabilities Act ("ADA"). (Ex. B, Compl. [Docket 1] ¶ 7–8). According to Mr. Ruggier, this violation constitutes "unlawful discriminatory practices" as defined by the WVHRA. (*Id.* ¶ 12). Mr. Ruggier seeks "all relief available under the [WVHRA]," including injunctive, compensatory, and declaratory remedies. (*Id.* ¶ 14). Go-Mart timely removed Mr. Ruggier's case to this court pursuant to 28 U.S.C. § 1441 on the grounds of federal question jurisdiction. (*See* Notice of Removal [Docket 1]). Specifically, Go-Mart contends that the alleged violation of the ADA stated in Mr. Ruggier's complaint creates a "claim or right under the laws of the United States" upon which this court can secure subject matter jurisdiction. (*Id.* ¶ 3–4). Go-Mart further contends that this court has jurisdiction over the remaining state law claims through supplemental jurisdiction, as defined by 28 U.S.C. § 1367.

Mr. Ruggier now moves for remand of his case to state court. He asserts that the complaint does not state a claim for relief under the ADA and only mentions the ADA for "evidentiary purposes." (Mem. of Law in Supp. of Pl.'s Mot. to Remand [Docket 7], at 1). Accordingly, Mr. Ruggier explains, the court has no basis for subject matter jurisdiction, and remand to state court is warranted. In response, Go-Mart contends that subject matter jurisdiction exists because Mr. Ruggier's complaint "specifically mentions the [ADA] and twice specifically alleges that Go-Mart failed to comply with the ADA." (Def.'s Mem. in Opp'n to Pl.'s Mot. to

Remand & in Further Supp. of Mot. to Dismiss [Docket 10], at 3). Go-Mart therefore asks the court to deny the Motion to Remand and to instead dismiss the case under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 5).

I now turn to the issue of remand, and seeing no basis for subject matter jurisdiction, I do not reach Go-Mart's Motion to Dismiss.

## II.   Legal Standard

The party seeking removal of an action originally filed in state court bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). The court must strictly construe removal jurisdiction, and "[i]f federal jurisdiction is doubtful, a remand is necessary." *Id.* The requirements for removal are provided in 28 U.S.C. § 1441:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

In determining the propriety of removal in this case, I consider two standards of justiciability: (1) federal question jurisdiction and (2) mootness.

### 1.   Federal Question Jurisdiction

Because the parties have not alleged diversity, this court's original jurisdiction must derive from 28 U.S.C. § 1331, which is known as "federal question" jurisdiction. Section 1331 provides that district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Typically, a case "arises under" federal law where federal law "*creates* the cause of action." *Mulcahey*, 29 F.3d at 151 (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 809 (1986)). Where state law

creates the cause of action, federal question jurisdiction exists if the plaintiff's claim "necessarily depends on resolution of a *substantial* question of federal law." *Id.* (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983)). In all cases, the determination of whether the claim arises under federal law must be made by reference to the "well-pleaded complaint," without regard to defenses which have been or may be raised. *Merrell Dow*, 478 U.S. at 808.

### 2.  Mootness

Mootness is a jurisdictional doctrine originating in Article III's "case" or "controversy" requirement. As with other principles of justiciability, mootness goes to a court's power to hear a case and not to a case's merits. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 66–67 (1997). Importantly, a court must resolve the question of mootness "before it assumes jurisdiction." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). If a case becomes moot—that is, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome"—the federal court no longer has jurisdiction to answer it. *Powell v. McCormack*, 395 U.S. 486, 496–97 (1969). Indeed, any decision on the merits of a moot claim would constitute an impermissible advisory opinion. *Hall v. Beals*, 396 U.S. 45, 48 (1969).

### III.  Discussion

Here, the parties dispute whether Mr. Ruggier's reference to the ADA in his complaint establishes federal question jurisdiction. But where "the underlying controversy is clearly moot, the preferred course is to decide mootness, before reaching difficult questions more closely tied to the merits of the underlying controversy, such as subject matter jurisdiction." *See Kaw Nation v. Norton*, 405 F.3d 1317, 1323 (Fed. Cir. 2005). I proceed in this manner and decline to reach

the issue of federal question jurisdiction, given that any ADA claim in Mr. Ruggier's complaint is moot.

Persons suing under the public accommodation provisions of the ADA are entitled to injunctive relief only. *See* 42 U.S.C. § 12188(a)(1) (limiting the remedies for violations of Title III of the ADA to those set forth in § 2000a-3(A), which only provides for injunctive relief). Specifically, Title III states that "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter." *Id.* § 12188(a)(2). Both parties in this matter agree that Go-Mart altered its restroom facilities to correct the ADA violations prior to Mr. Ruggier's initiation of this lawsuit. As a result, Mr. Ruggier has already obtained the sole relief available under the ADA, namely, a court order that Go-Mart reposition its toilet paper dispensers in accordance with the provisions of Title III. Mr. Ruggier's ADA claim, assuming one exists in his complaint, no longer presents a live controversy and is therefore moot. *See, e.g.*, *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) (explaining that a defendant's voluntary modification of non-compliant public accommodations can effectively moot a plaintiff's ADA claim).[1]

A moot federal claim cannot provide a basis for federal question jurisdiction. *See Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 819 (4th Cir. 2004) ( "If a particular plaintiff is barred from bringing the private, federal cause of action, either substantively or procedurally, no federal subject matter jurisdiction exists over that plaintiff's state cause of action predicated on a violation of the same federal law."). Aside from the ADA, Go-Mart has not identified any other

---

[1] Indeed, both parties agree that the ADA claim is moot. (*See* Pl.'s Mem. in Resp. to Def.'s Mot. to Dismiss [Docket 11], at 4 n.1 ("ADA mootness is not in controversy.")).

basis for original jurisdiction, and I likewise find none.[2] Because the ADA issue—the only possible foundation for jurisdiction over this case—has become moot, I must **REMAND** this matter to state court. *See, e.g.*, *Michael v. Cockerell*, 161 F.2d 163, 165 (4th Cir. 1947) (dismissing an appeal because "the case has become moot as to the only ground upon which jurisdiction [] could possibly be based").

## IV.    Conclusion

Because this court does not have original jurisdiction under 28 U.S.C. § 1331, removal was improper. The plaintiff's Motion to Remand [Docket 6] is **GRANTED**, and the defendant's Motion to Dismiss [Docket 8] is **DENIED as moot**.

The court **REMANDS** this action to the Circuit Court of Kanawha County, West Virginia, and **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party, as well as a certified copy of this Order to the Clerk of the Circuit Court of Kanawha County, West Virginia. The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

ENTER:       June 1, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[2] Without original jurisdiction over the case, I cannot exercise supplemental jurisdiction over Mr. Ruggier's remaining state law claims either. *See* 28 U.S.C. § 1367 (giving a district court supplemental jurisdiction over "all other claims" related to a civil action, so long as the court has original jurisdiction over that action).